**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ROBERT S. McGILL, Jr., #B83248,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 25-cv-02153-JPG** |
| | ) | |
| **ROSS BERGMAN** | ) | |
| **and JOHN DOE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Robert McGill, an inmate in the custody of the Illinois Department of Corrections and currently incarcerated at Graham Correctional Center, filed a Complaint pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred during his arrest by two officers employed with the Harrisburg Police Department: Ross Bergman and John Doe. (Doc. 1, pp. 1-6). The officers allegedly ordered Plaintiff to put his hands up while they arrested him on May 2, 2025. *Id*. at 5. After Plaintiff complied with this order, Officer Bergman kicked him in the groin, knocked him to the ground, and hit him in the eye. Officer Doe then took him to jail. Plaintiff seeks money damages against both defendants and charges against Officer Bergman. *Id*. at 6.

The Complaint is now subject to preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). The factual allegations in the *pro se* complaint are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

**Discussion**

Based on the allegations, the Court designates a single count in the *pro se* Complaint:

**Count 1:** Fourth Amendment claim against Officer Bergman and Officer Doe for using unreasonable force against Plaintiff during his arrest on or around May 2, 2025.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.[1]

According to the United States Supreme Court, the "right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham v. Connor*, 490 U.S. 386, 396 (1989). At the same time, the Fourth Amendment prohibits the use of excessive force. *Id*. at 396. When determining whether the amount of force used during a seizure was excessive, the Court examines the "totality of the circumstances to determine whether the intrusion on the citizen's Fourth Amendment interests was justified by the countervailing government interests at stake." *Jacobs v. City of Chi.*, 215 F.3d 758, 773 (7th Cir. 2000). Among other factors, the Court considers the severity of the crime, the threat posed by the suspect to arresting officers and others, and whether the suspect was actively trying to resist or evade arrest. *Id*. The Court then decides whether the force used to seize a suspect was excessive in relation to the danger posed by the suspect if left unattended. *Id*.

The allegations articulate an excessive force claim against Officer Bergman for kicking Plaintiff in the groin, knocking him down, and hitting him in the eye after he complied with the order to raise his hands. Count 1 shall proceed against Officer Bergman.

---

[1] Any other claim mentioned in the Complaint but not addressed herein should be considered dismissed without prejudice as inadequately pled under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state claim for relief if it does not plead "enough facts to state a claim to relief that is plausible on its face").

2

The allegations do not describe any use of force by Officer Doe.  Plaintiff alleges that this officer took him to jail.  There is no indication that Officer Doe used excessive force against Plaintiff or failed to intervene to prevent its use by Officer Bergman.  Count 2 shall be dismissed without prejudice for failure to state a claim against this defendant.

### Disposition

The Complaint (Doc. 1) survives screening as follows: **COUNT 1** will receive further review against **ROSS BERGMAN**.  However, **COUNT 1** is **DISMISSED** without prejudice for failure to state a claim against **JOHN DOE**.  **The Clerk's Office is DIRECTED to TERMINATE JOHN DOE as a party in CM/ECF**.

The Clerk of Court shall prepare for **ROSS BERGMAN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendant's place of employment.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, his or her last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be kept in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to**

3

**Administrative Order No. 244, Defendant need only respond to the issues stated in this Merits Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 3/19/2026**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

**Notice**

The Court will take the necessary steps to notify the appropriate defendant of your lawsuit and serve the defendant with a copy of your Complaint. After service has been achieved, the defendant will enter an appearance and file an Answer to your Complaint. It will likely take at least 60 days from the date of this Order to receive Defendant's Answer, but it is entirely possible that it will take 90 days or more. Once Defendant answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, in order to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.